```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PAULINE ABRICAH                 :         CIVIL ACTION
                                :
                                :
     v.                         :
                                :
JPMORGAN CHASE & CO.            :         NO. 08-0323
```

MEMORANDUM & ORDER

McLaughlin, J.                                        December 16, 2008

    This case was filed by Pauline Abricah against JP Morgan Chase & Company in state court on December 6, 2007.  The complaint alleged that between January 2001 and January 2006 Ms. Abricah deposited a total of $75,000.00 with the defendant and that the defendant was currently unable to locate those funds.  The complaint contained three counts: breach of contract, negligence, breach of fiduciary duty, and misappropriation of funds.  The plaintiff seeks the return of those funds, plus interest, costs, attorneys fees and punitive damages.

    Following removal to this Court and a failed attempt to arbitrate this claim, the defendant filed this motion for summary judgment.[1]  The plaintiff has filed no opposition to that motion

---

[1] The parties attended an arbitration hearing on August 15, 2008.  At the beginning of that hearing, the plaintiff's former counsel stated that his client had accused him of having lost a key piece of evidence in this case.  Because of the asserted loss of evidence, the plaintiff had a potential claim for malpractice against her former counsel, which presented a conflict of interests.  After this revelation, the arbitrators called the Court and the Court determined that the arbitration should not

despite the deadline for such opposition having passed several weeks ago.  Nor has she filed any documents or statements that would corroborate the allegation in her complaint.  The plaintiff has failed to carry her burden of providing evidence raising some genuine issue of material fact relevant to her claims.  Therefore, the Court will grant the defendants motion for summary judgment and dismiss this case with prejudice.

          The only evidence on record in this case is that provided by the defendant in its motion for summary judgment and the exhibits attached thereto.  With respect to the plaintiff's history of financial transactions with the defendant, evidence on record develops the following time-line:

1. As of November 7, 2008, the plaintiff was a customer of the defendant who had, from January 2001 to January 2006, maintained both checking and savings accounts with the defendant.

2. As of November 6, 2008, the plaintiff's checking account had a balance of $2,434.92.  Def.'s Mot. Summary Judgment, Ex. 1, ¶ 7 (hereinafter Asare Aff.).  As of the same date, the plaintiff's savings account had a balance of zero.  Id. at ¶ 8.

---

proceed.  The plaintiff's former counsel was allowed to withdraw from his representation, and the plaintiff retained new counsel.

3.  On or around January 5, 2001, the plaintiff purchased two certificates of deposit ("CD") from the defendant. The first CD purchased was a 91-day CD in the amount of $10,000.00, paid for using funds from the plaintiff's savings account. Asare Aff., ¶ 9.; Def.'s Mot. Summary Judgment Ex. A. The second CD purchased was a 9-month CD in the amount of $5,000.00, paid for using funds from the plaintiff's checking account. Asare Aff., ¶ 10; Pl's Mot. Summary Judgment Ex. B.

4.  On or around December 13, 2001, the plaintiff purchased a $15,000.00 annuity with TransAmerica Life Insurance Company, using funds from the two CDs described above. Asare Aff., ¶ 11; Pl.'s Mot. Summary Judgment Ex. C.

5.  On or around September 23, 2003, the plaintiff issued a check from her checking account to herself in the amount of $10,000.00, which was deposited at Wachovia Bank in Philadelphia. Asare Aff., ¶ 12; Pl.'s Mot. Summary Judgment Ex. D.

6.  On October 25, 2004, the plaintiff withdrew $4,500.00 from her checking account. Asare Aff., ¶ 13; Pl.'s Mot. Summary Judgment Ex. E. On the same day, the plaintiff withdrew $6,000.00 from her savings account. Asare Aff., ¶ 14; Pl.'s Mot. Summary Judgment Ex. F.

7.   Also on October 25, 2004, the plaintiff purchased a $9,000.00 annuity with GE Capital Life Assurance Company of New York.  Asare Aff., ¶ 15; Pl.'s Mot. Summary Judgment Ex. G.  According to the affidavit of the banker who personally assisted the plaintiff with this purchase, the plaintiff purchased this annuity with the funds withdrawn from her accounts on October, 25, 2004, keeping $1,500.00 of those withdraws in cash.  Asare Aff., ¶ 16.

The plaintiff also submitted a set of answers to the defendant's written interrogatories.  The responses name several individuals who either knew that the plaintiff banked with the defendant or went with the defendant to the bank on occasion.  The responses also repeat the allegations of the complaint and state that certain documents relating to the plaintiff's accounts with the defendant have been requested from the defendant.  Pl.'s Mot. Summary Judgment Ex. 2.

The plaintiff has put forward no evidence beyond the allegations in her complaint.  The evidence that the defendant has provided does not suggest that the plaintiff ever possessed the amount of money she claims in her complaint, nor does it provide any proof of wrongdoing, negligence or breach of either contract or fiduciary duty on the defendant's part.  The plaintiff has failed to come forward with evidence establishing a

genuine issue of material fact as to every element of each of her four counts against the defendant.  Therefore, the Court will grant the defendant's motion for summary judgment and dismiss this case with prejudice.

An appropriate order follows.

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAULINE ABRICAH                :        CIVIL ACTION
                               :
                               :
     v.                        :
                               :
JPMORGAN CHASE & CO.           :        NO. 08-0323
```

ORDER

AND NOW, this 16th day of December, 2008, upon consideration of the defendant's motion for summary judgment (Docket No. 25) and upon review of the evidence on record, IT IS HEREBY ORDERED that the defendant's motion for summary judgment is GRANTED.  Judgment is entered in favor of the defendant and against the plaintiff.

This case is closed.

                                   BY THE COURT:


                                   /s/Mary A. McLaughlin
                                   MARY A. McLAUGHLIN, J.